NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 231488-U

NO. 4-23-1488

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 7, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| FRANCISCO A. URESTI JR., | ) | No. 20CF1352 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Brendan A. Maher, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Vancil and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to withdraw as counsel and affirmed the trial court's judgment.

¶ 2   On July 19, 2022, defendant, Francisco A. Uresti Jr., pleaded guilty to possession with the intent to deliver a controlled substance (720 ILCS 570/401(a)(2)(A) (West 2020)) and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2020)). Pursuant to a negotiated plea agreement, the trial court sentenced defendant to an aggregate of 10 years' imprisonment. (As part of this negotiation, defendant also pleaded guilty to misdemeanor domestic battery (*id.* § 12-3.2(a)) in Winnebago County case No. 20-CF-910. However, that case is not included on appeal.)

¶ 3   Following the entry of the negotiated plea, defendant did not file a postplea motion

or direct appeal. Instead, defendant filed multiple motions for a *nunc pro tunc* order awarding him additional credits for (1) his work as a kitchen "tender" while in the jail and (2) completion of several jail programs. The trial court denied all defendant's motions, finding he was properly awarded 443 days credit for his pretrial incarceration and the granting of any additional credits would be within the discretion of the Illinois Department of Corrections (DOC).

¶ 4        Defendant appealed the trial court's denial of his most recent motion for a *nunc pro tunc* order, and the Office of the State Appellate Defender (OSAD) was appointed to represent him. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), OSAD moves to withdraw its representation of defendant, contending defendant's claim the court erred in denying his motion "has no legal merit." We agree and grant OSAD's motion to withdraw and affirm the court's judgment.

¶ 5                    I. BACKGROUND

¶ 6        In July 2020, the State charged defendant with possession with the intent to deliver a controlled substance (720 ILCS 570/401(a)(2)(B) (West 2020)), possession of a firearm without a requisite firearm owner's identification card (430 ILCS 65/2(a)(1) (West 2020)), unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2020)), and possession of a controlled substance (720 ILCS 570/402(c) (West 2020)). While on bond for these offenses, defendant was arrested and charged in Winnebago County case No. 20-CF-910 with aggravated domestic battery (strangulation) (720 ILCS 5/12-3.3(a-5) (West 2020)) and two counts of misdemeanor domestic battery (*id.* § 12-3.2(a) (West 2020)).

¶ 7        In March 2022, defense counsel informed the trial court there was a negotiated plea agreement in both of defendant's cases. However, the parties were not prepared to enter into the negotiated plea at that time because defense counsel needed to "make sure that [defendant] get[s]

all of the credits for his tender time and other programs that he's done in the jail." Defendant's cases were continued multiple times while defense counsel worked with the liaison from the Winnebago County Sheriff's Office to ascertain the correct number of days to be credited toward defendant's presentence credit based on his completion of jail programs and work as a tender.

¶ 8        On July 19, 2022, the parties presented the trial court with a negotiated plea agreement. Based on the agreement, the State filed a new information, charging defendant with possession with the intent to deliver a controlled substance (720 ILCS 570/401(a)(2)(A) (West 2020)) and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2020)). Defendant would plead guilty to both charges in the new information, along with one count of misdemeanor domestic battery in Winnebago County case No. 20-CF-910. All the other counts in case No. 20-CF-910 would be dismissed, along with multiple traffic offenses. In exchange for his guilty pleas, defendant would be sentenced to 10 years' imprisonment on each count in case No. 20-CF-1352, to run concurrently and be served at 50%. Defendant would also be sentenced to a concurrent term of one year of conditional discharged in case No. 20-CF-910.

¶ 9        Before defendant pleaded guilty, defense counsel advised the trial court defendant would be entitled to 443 days of credit for time he served in pretrial custody. A mittimus sheet showing these days was presented to the court. (A copy of this sheet was not included as part of the record on appeal.) According to defense counsel, the mittimus sheet indicated defendant served as a tender in the county jail from June 13th, 2021, to February 5th, 2022, and February 23rd, 2022, to April 16th, 2022. While advising defendant on the terms of the plea agreement, the court engaged in the following colloquy with defendant:

> "THE COURT: And the judgment and sentence handed up has a second page that reflects or notes that you had served as a tender in the Winnebago County

Jail from 6/13 of 2021 through 2/5 of 2022, and then again from 2/23/22 until 4/16/2022, and that those time frames are provided for consideration by [DOC].

THE DEFENDANT: Yes.

THE COURT: And you understand, at least with respect to that, there's no particular guarantee that [DOC] is going to process that or award you any particular credit, but it's at least possible that they would because it's listed on the second page of the judgment and sentence.

THE DEFENDANT: Yes, sir.

THE COURT: This isn't part of a sentence that the Court's necessarily imposing. It's just giving them information about the fact that you participated in that program.

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Any questions or concerns about the judgment and sentence to [DOC] or the two concurrent 10 year sentences to [DOC]?

THE DEFENDANT: No, sir."

The court then accepted defendant's guilty pleas and sentenced him in accordance with the negotiated plea agreement.

¶ 10        Between September 2022 and September 2023, defendant filed four motions entitled "Motion for Order *Nunc Pro Tunc*," requesting the trial court enter an order correcting his mittimus to reflect additional presentence credit for (1) time he served as a tender in the Winnebago County jail and (2) programs he completed while in the Winnebago County jail. In support of his motions, defendant submitted certificates of competition from his jail programming and a letter

from the Winnebago County Sheriff's Office listing his days of service as a kitchen tender. The court denied all defendant's motions, finding defendant was properly awarded credit for the 443 days he served in pretrial custody and the grant of any additional credit for completion of programming and work as a tender would be within the discretion of DOC. Defendant filed a late notice of appeal following the court's denial of his September 2023 "Motion for Order *Nunc Pro Tunc*," and this court allowed his late notice of appeal.

¶ 11    This appeal follows.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, OSAD moves to withdraw, asserting defendant's claim the trial court erred in denying his "Motion for Order *Nunc Pro Tunc*" is without merit. In support of her motion to withdraw, counsel for OSAD submitted a memorandum of law providing a statement of facts and argument as to why defendant's claim lacks arguable merit. OSAD provided proof of service of its motion and memorandum on defendant, and this court granted defendant the opportunity to file a response. Defendant failed to respond. After examining the record, the motion to withdraw, and the memorandum of law, we agree defendant's claim is meritless.

¶ 14    Our supreme court recently addressed a similar situation in *People v. Wells*, 2024 IL 129402. In *Wells*, the defendant entered into a negotiated plea agreement, and at sentencing, he agreed he would receive credit for 54 days of pretrial incarceration. *Id.* ¶ 8. The defendant then "filed a motion titled 'Motion for Order *Nunc Pro Tunc*' requesting that the trial court amend his mittimus to reflect credit for time he spent on 'GPS Monitoring.' " *Id.* ¶ 9. The trial court denied the defendant's motion, finding the defendant was awarded the correct amount of pretrial incarceration credit. *Id.* The defendant appealed, and our supreme court held the defendant "waived the right to the statutory credit by entering into a fully negotiated plea agreement that

provided for 54 days of credit." *Id.* ¶ 25.

¶ 15       Here, the trial court made it abundantly clear to defendant before he entered the negotiated plea that he was only entitled to 443 days of presentence credit as part of the negotiated agreement. Any additional credits for his work as a tender would be within the sole discretion of DOC. After the court provided defendant with this admonishment, defendant stated he understood and persisted in his desire to accept the agreement. Additionally, when provided the opportunity to ask any questions about the plea agreement or his entitlement to presentence credit, defendant indicated he had no questions. This situation is directly analogous to *Wells*. Defendant's negotiated plea agreement included 443 days of presentence credit, with the award of any additional credits left to the discretion of DOC. Defendant waived his right to any additional credits not awarded by DOC by entering into the negotiated plea agreement. Consequently, the court correctly denied defendant's motion for a *nunc pro tunc* order.

¶ 16                          III. CONCLUSION

¶ 17       For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 18       Affirmed.